### In re Salvation Army Maternity Home.

*Corporations—First class—Religious and charitable organizations—Holding property—Collecting funds—Act of June 20, 1919.*

1. A corporation of the first class incorporated in Lycoming County may hold property in the City of Pittsburgh. The validity of the charter of such a corporation can only be questioned by the State itself.

2. An unincorporated board or organization for the purpose of carrying out charitable purposes may solicit funds for such purposes. The fact that the property of the board or organization is held in trust by a corporation organized in another county does not affect this conclusion.

3. The Salvation Army is a religious organization within the terms of the Act of June 20, 1919, P. L. 505.

Department of Justice. Opinion to Dr. Ellen C. Potter, Secretary of Welfare.

WOODRUFF, Att'y-Gen., June 12, 1925.—I have your request for opinion in reference to Salvation Army Maternity Home, Pittsburgh, as follows:

"The Salvation Army Maternity Home in Pittsburgh is operating under a charter which was applied for and granted in Lycoming County, the purpose expressed being 'For receiving and holding property, real and personal, of and for unincorporated religious societies and associations belonging to the branch of the Christian Church known as the Salvation Army.'

"Are they within their legal rights in collecting funds for a children's and maternity home in Pittsburgh with this charter?"

The corporation of the first class organized in Lycoming County, the name of which is not stated in the request for an opinion, was evidently incorporated under the provisions of the Act approved July 15, 1897, P. L. 283, amending the 2nd section of the Corporation Law of 1874. The Act of 1897 adds an

In re Salvation Army Maternity Home.

additional purpose for which corporations of the first class may be incorporated by the Court of Common Pleas as follows: "XIV. For receiving and holding property, real and personal, of and for unincorporated religious, beneficial, charitable, educational and missionary societies and associations and executing trusts thereof."

On the petition of Susquehanna Title and Trust Company, presented in Susquehanna County in 1903, in refusing the application, Searle, P. J., said: "The several unincorporated associations for which the proposed corporation is intending to hold property in trust should be described with the same particularity as though the application was being made for a charter for such association."

The purpose of the Lycoming County corporation as stated does not indicate that this rule has been complied with; but as the Lycoming County court presumably passed upon the question and as it granted the charter, the validity of the charter could not now be questioned by any person except the State itself. It follows, therefore, that the Lycoming County corporation would be authorized to hold real estate in trust for one of the unincorporated charitable associations used as an instrumentality by the Salvation Army in administering its various charities. There seems to be no reason, therefore, why this corporation should not hold property in the City of Pittsburgh for the Salvation Army Maternity Home.

The request for opinion has not disclosed whether funds are being solicited in the name of the corporation organized in Lycoming County or in the name of the Salvation Army Maternity Home. The inference would be that funds are being solicited for the Salvation Army Maternity Home.

The Salvation Army Maternity Home is apparently an unincorporated board or organization forming one of the administrative organs of the Salvation Army for the purpose of carrying out one of its charitable purposes. There is no legal reason, assuming that the institution is regular in every other respect, why this unincorporated home should not solicit funds for the purpose of carrying out its charitable purpose. The fact that the property is held in trust by the corporation organized in Lycoming County for that purpose does not affect this conclusion.

The Act of June 20, 1919, P. L. 505, makes it unlawful for any person, copartnership, association or corporation to appeal to the public for donations or subscriptions in money or other property for any charitable purpose, unless the appeal is made or authorized by a corporation, association or individual holding a valid certificate of registration as provided by the act. Section 14, however, provides that the act shall not apply to any "religious organization."

The Salvation Army itself would properly be described as a religious organization, and the soliciting of money to support a home operated by it would be within the exception. Some technical questions might be raised as to the nature of the board or association used by the Salvation Army in the administration of this home, but the request furnishes no data on this point. The conduct of a lying-in hospital is not an essentially religious purpose, but it is within the limits of the charitable functions usually performed by religious organizations. The home would necessarily be governed by a board or society or association, and if under direct control of the Salvation Army, would be considered simply as one of its sub-divisions or instrumentalities.

Subject to these considerations, I am of the opinion that the Salvation Army Maternity Home of Pittsburgh would be within its rights in collecting funds for this charitable purpose.          From C. P. Addams, Harrisburg, Pa.